# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

D'RAYFIELD KARY-KHAME SHIPMAN,

    *Plaintiff*,

v.

AMTRAK,

    *Defendant*.

Civil Action No. 19-4 (RDM)

## ORDER

On April 15, 2019, Defendant Amtrak filed a motion to dismiss Plaintiff D'Rayfield Kary-Khame Shipman's complaint. *See* Dkt. 7. The Court subsequently ordered Plaintiff to respond on or before May 16, 2019, explaining that, "[i]f Plaintiff does not file a response within the time provided, the Court may treat the motion as conceded, dismiss Plaintiff's claims for failure to prosecute, or rule on the motion to dismiss based on Defendant's arguments alone and without considering any arguments that Plaintiff may later wish to raise." Dkt. 9 at 2. In response, Plaintiff has filed a submission containing a "motion for summary judgment," Dkt. 11, a "motion for appointment of counsel," Dkt. 12, and a "motion for additional time," Dkt. 13. The Court will address each request in turn.

First, Plaintiff "ask[s] that a summary judgment be rendered due to lack of response from [Defendant] since January 2019." Dkt. 11 at 1. To the extent that Plaintiff is requesting a default judgment due to an alleged lack of response from Defendant, as reflected in the Court's *Fox*/*Neal* Order of April 17, 2019, *see* Dkt. 7, Defendant has both entered an appearance and filed a motion to dismiss. *See* Dkt. 8. Plaintiff's motion, Dkt. 11, is accordingly **DENIED**.

Second, Plaintiff has moved for the Court to appoint counsel in this matter. Dkt. 12. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." This Court's local rules instruct the Court to consider "the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interest of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing LCvR 83.11(b)(3)). Plaintiff alleges that "he is entitled to reimbursement of previous travel costs since he was awarded permanent disability status." Dkt. 10 at 1. He has not demonstrated, however, that his claims are complex or that "any greater interest of justice will be served by appointing counsel in this case than in any other *pro se* case." *Lamb*, 228 F. Supp. 3d at 47. It is not yet clear, for example, whether his claims will survive threshold motions. The Court therefore concludes that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for the appointment of counsel, Dkt. 12, is hereby **DENIED** without prejudice.

Third, Plaintiff has filed a "motion for additional time." Dkt. 13. The Court will grant Plaintiff an additional thirty days to file a brief in opposition to Defendant's motion to dismiss. Plaintiff is reminded that, if he fails to file a timely opposition, the Court may treat Defendant's motion to dismiss as conceded, dismiss Plaintiff's claims for failure to prosecute, or rule on the motion to dismiss based on Defendant's arguments alone and without considering any arguments that Plaintiff may later wish to raise. *See* Dkt. 9.

The motion for an extension, Dkt. 13, is, accordingly, **GRANTED** and it is **ORDERED** that Plaintiff shall file a brief in opposition to Defendant's Motion to Dismiss on or before June 17, 2019.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 17, 2019