# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D'RAYFIELD KARY-KLAME SHIPMAN,<br><br>    *Plaintiff*,<br><br>  v.<br><br>AMTRAK,<br><br>    *Defendant*. | Civil Action No. 19-04 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. Dkt. 7. Plaintiff, Drayfield Kary-Klame Shipman, proceeding *pro se*, initiated this action against his former employer, Amtrak, by filing a four-page, hand-written complaint that read as follows:

> Plaintiff was awarded Disability Retirement from his previous Employer Amtrak three years ago. Amtrak has continued discriminatory behavior against Plaintiff, asserting on his Personnel Record that Plaintiff was forcibly relieved of his duties, instead of the aforementioned.
>
> Plaintiff is seeking reinstatement of his travel privileges as well as compensation for all travel related expenses for rail travel since having his travel privileges suspended due to being out of work due to stress related issues incurred at work. Plaintiff is also seeking damages for slander on record with Human Resources.
>
> Plaintiff was hired as a Statistical Clerk while being an Honorable Discharged veteran, 40% disabled. Plaintiff obtained a 60% disability rating during employment with Amtrak. Plaintiff was eventually taken out of work by his current physicians at Veteran's Administration due to stress and health related issues.
>
> Plaintiff is entitled as other[s] who left on disability to enjoy privileges of travel. Plaintiff is asking Court to appoint Counsel since Plaintiff is pending 100% disability which is being hindered by current Administration. Plaintiff is in protected class African-American male 61 year[s] old and Disabled American Veteran. Plaintiff feels entitled to 100,000.00 in damages

Dkt. 1 (Compl.).

On April 15, 2019, Amtrak moved to dismiss this action pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Dkt. 7. In its memorandum in support of that motion, Amtrak argues that the complaint should be dismissed "because it fails to provide Amtrak with 'fair notice' of the . . . claim(s)" Shipman is asserting. Dkt. 7-1 at 5. It also contends that Shipman has failed to "allege sufficient facts to state a plausible claim for relief under any relevant law." *Id.* at 8. For the reasons explained below, the Court agrees. The Court will dismiss the complaint *without prejudice*, however, and allow Plaintiff the opportunity to refile the complaint within 30 days of this order in a manner that complies with the Federal Rules of Civil Procedure.

Although pleadings by *pro se* litigants such as Shipman are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). The Rule is designed to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff's complaint fails to comply with Rule 8. In all essential respects, the complaint is conclusory and fails to provide Amtrak or the Court with a description of the essential facts. Most notably, the complaint merely asserts that Amtrak engaged in "discriminatory behavior."

Dkt. 1 at 1 (Compl.)  This unexplained assertion is insufficient to satisfy Rule 8's requirement that a plaintiff provide a statement "showing that the pleader is entitled to relief."  Indeed, the only discriminatory behavior even alluded to in Plaintiff's complaint is that he appears to believe that Amtrak mistakenly categorized him as "forcibly relieved of his duties" in his "Personnel Record."  Dkt. 1 at 1 (Compl.).  Even construed liberally, Plaintiff's allegations leave the Court and Amtrak to guess what claim or claims Plaintiff intends to pursue.  Plaintiff has not alleged that Amtrak discriminated against him on the basis of age, race, sex, disability, or some other trait or factor.  Nor has Plaintiff alleged any factual circumstances that led to his termination or the revocation of his "travel privileges."  Put simply, Plaintiff has failed to provide Amtrak or the Court with notice of the claims he intends to assert or the grounds on which those claims rest.

Accordingly, it is hereby **ORDERED** that Defendant's motion to dismiss, Dkt. 7, is **GRANTED**.  Plaintiff's complaint, Dkt. 1, is **DISMISSED** without prejudice.  Plaintiff may file an amended complaint consistent with Federal Rules of Civil Procedure on or before November 3, 2019.  The clerk is directed to mail a copy of this order to Plaintiff at his address of record.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 3, 2019